J-A21026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GERALD BURNS :
:
Appellant : No. 2171 EDA 2017

Appeal from the PCRA Order June 2, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0707783-2000,
CP-51-CR-0707793-2000

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                   **FILED OCTOBER 26, 2018**

Appellant, Gerald Burns, appeals *pro se* from the order entered on June 2, 2017, dismissing his second petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546. We affirm.

A jury found Appellant guilty of one count of second-degree murder and two counts each of robbery and criminal conspiracy. On May 3, 2001, the trial court sentenced Appellant to serve a term of life in prison for the murder conviction and concurrent terms of imprisonment for the two criminal conspiracy convictions and for one of the robbery convictions. We affirmed Appellant's judgment of sentence on December 26, 2002. ***Commonwealth v. Burns***, 817 A.2d 1174 (Pa. Super. 2002) (unpublished memorandum) at 1-6. On November 10, 2005, following the *nunc pro tunc* restoration of Appellant's right to file a petition for allowance of appeal to the Pennsylvania

Supreme Court, the Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Burns***, 887 A.2d 1239 (Pa. 2005).

Appellant filed his first PCRA petition on January 6, 2006 and the PCRA court appointed counsel to represent Appellant. On February 27, 2009, the PCRA court dismissed Appellant's petition, we affirmed the PCRA court's order on July 13, 2010, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on December 28, 2010. ***Commonwealth v. Burns***, 6 A.3d 558 (Pa. Super. 2010) (unpublished memorandum) at 1-12, *appeal denied*, 14 A.3d 823 (Pa. 2010).

On March 25, 2016, Appellant filed the current petition, which constitutes Appellant's second petition for post-conviction collateral relief. Within the petition, Appellant claimed that, in ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016), the United States Supreme Court created a new constitutional right that entitled him to relief. Appellant's Second PCRA Petition, 3/25/16, at 18. Specifically, Appellant claimed, in accordance with ***Montgomery***, his "sentence of a mandatory life-without-parole is a disproportionate punishment for youth homicide offenders under the age of 25 as it is violative of the Eighth Amendment's prohibition on cruel and unusual punishment." ***Id.*** Further, Appellant claimed that his mandatory minimum sentence of life in prison is also illegal in light of the United States Supreme Court's ruling in ***Alleyne v. United States***, 570 U.S. 99 (2013). Appellant's Second PCRA Petition, 3/25/16, at 2.

On April 10, 2017, the PCRA court issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss Appellant's petition in 20 days, without holding a hearing. PCRA Court Order, 4/10/17, at 1; Pa.R.Crim.P. 907(1). Appellant responded to the PCRA court's notice and repeated his claim that ***Montgomery*** provided him with an avenue for relief. ***See*** Appellant's Response to the Rule 907 Notice, 4/25/17, at 1-10.

The PCRA court finally dismissed Appellant's PCRA petition on June 5, 2017 and Appellant filed a timely notice of appeal. On July 6, 2017, the PCRA court ordered Appellant to file and serve a concise statement of errors complained on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court ordered Appellant to file the Rule 1925(b) statement within 21 days – or, on or before July 27, 2017. Trial Court Order, 7/6/17, at 1. Appellant did not comply with the PCRA court's order and Appellant did not file his Rule 1925(b) statement until January 17, 2018, which made Appellant's Rule 1925(b) statement untimely by 174 days. Appellant's Untimely Rule 1925(b) Statement, 1/17/18, at 1-3.

The PCRA court filed an opinion and, within this opinion, the PCRA court declared that all of Appellant's claims on appeal must be deemed waived, as Appellant failed to comply with the Rule 1925(b) order. PCRA Court Opinion, 1/4/18, at 1-3. We agree with the PCRA court and conclude that, since Appellant failed to comply with the PCRA court's Rule 1925(b) order, Appellant waived all of his claims on appeal. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not

included in the [Rule 1925(b) s]tatement ... are waived"); ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) ("in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be waived") (internal citations, quotations, and corrections omitted) (some internal capitalization omitted).

Further, even if Appellant had not waived his claims on appeal, we would nevertheless affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

"As a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830 (Pa. 2014).

Before this Court can address the substance of Appellant's claims, we must determine if this petition is timely.

> [The PCRA requires] a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review . . . or at the expiration of time for seeking review.
>
> . . .
>
> However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met. A petition invoking one of these exceptions must be filed within [60] days of the date the claim could first have been presented. In order to be entitled to the exceptions to the

PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [60]-day timeframe.

*Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (some internal citations omitted) (internal quotations omitted).

In the present case, the PCRA court found Appellant's petition to be untimely filed. PCRA Court Order, 6/5/17, at 1. We agree. Appellant's judgment of sentence became final at the end of the day on February 8, 2006, which was 90 days after the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal and Appellant's time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13.1 (allowing 90 days to file a petition for writ of *certiorari* with the United States Supreme Court); 42 Pa.C.S.A. § 9545(b)(3). The PCRA explicitly requires that a petition be filed "within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). Appellant then had until February 8, 2007 to file a timely PCRA petition. 42 Pa.C.S.A. § 9545(b). As Appellant did not file his current petition until March 25, 2016, the current petition is facially untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Perrin*, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

Here, Appellant purports to invoke the "newly recognized constitutional right" exception to the time-bar. This statutory exception provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> . . .
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

As our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

- 6 -

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007), *quoting*

*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002) (internal

corrections omitted).  Moreover, since the plain statutory language of section

9545 demands that the PCRA petition "allege" all elements of the statutory

exception, it is clear that – to properly invoke the "newly recognized

constitutional right" exception – the petitioner must plead each of the above-

stated elements in the petition.  42 Pa.C.S.A. § 9545(b)(1).

Within Appellant's second PCRA petition, Appellant claims that his

sentence is illegal and unconstitutional and subject to correction based on the

holding of *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016).

*See* Appellant's Second PCRA Petition, 3/25/16, at 18.  Appellant's claim fails

because *Montgomery* concerned the retroactive application of *Miller v.*

*Alabama,* ___ U.S. ___, 132 S.Ct. 2455 (2012) – and *Miller* held that the

Eighth Amendment prohibited mandatory life sentences without parole for

**juveniles** convicted of a homicide offense.  *See Montgomery*, 136 S.Ct. at

725.  In this case, Appellant was not a juvenile when he was convicted of

murder.  *See* Appellant's Second PCRA Petition, 3/25/16, at 18.  Thus, neither

*Montgomery* nor *Miller* applies to the case at bar.

Further, any claim under *Alleyne* immediately fails, as Appellant did not

raise his *Alleyne* claim "within 60 days of the date the claim could have been

presented." 42 Pa.C.S.A. § 9545(b)(2).[1] Rather, the first time Appellant raised his *Alleyne* claim was in his March 25, 2016 PCRA petition – which was over two years after the United States Supreme Court decided *Alleyne*.[2] Thus, Appellant failed to properly plead the newly-recognized constitutional right exception to the PCRA's one-year time-bar. *See Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) ("[w]ith regard to [the newly-]recognized constitutional right [exception], . . . the [60-]day period begins to run upon the date of the underlying judicial decision").

Since Appellant did not attempt to plead any other exception to the time-bar, we conclude that Appellant's petition is time-barred and that our "courts are without jurisdiction to offer [Appellant] any form of relief."[3]

---

[1] Moreover, neither the United States Supreme Court nor our Supreme Court has held that *Alleyne* applies retroactively to cases on collateral review. Indeed, in *Commonwealth v. Washington*, the Pennsylvania Supreme Court expressly held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). As such, for this independent reason, *Alleyne* does not satisfy the newly-recognized constitutional right exception set forth at § 9545(b)(1)(iii). *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) ("This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases").

[2] The United States Supreme Court decided *Alleyne* on June 17, 2013.

[3] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in *Commonwealth v. Fahy*, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).

***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). Therefore, we affirm the PCRA court's order dismissing Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/18